STATE OF CONNECTICUT *v.* WILLIAM McNELLIS

REVIEW DIVISION OF THE SUPERIOR COURT

Decided July 31, 1963

*James R. Lawlor,* of Waterbury, for the defendant.

*William B. Fitzgerald,* state's attorney, for the state.

BY THE DIVISION. The defendant, age twenty-one, through his counsel pleaded nolo contendere to the counts of blackmail and was sentenced to a term totaling not less than three nor more than seven years in the state prison. The maximum penalty for blackmail is not more than $5000 and/or ten years on each count. General Statutes § 53-40.

On January 16, 1963, at approximately 1 a.m., the victim in question, of Waterbury, Connecticut,

stopped his motor vehicle near a municipal parking area in order to urinate. While he was doing so, defendant approached him and, posing as a police officer, proceeded to search him. Taking his wallet and driver's license, he ordered him to drive to the police station to be "booked" on charges of indecent exposure. Before their arrival at the station, defendant indicated that the arrest could be avoided by the payment of money. The victim agreed to pay $150. He later paid this amount. Defendant then advised him that the organization to which he belonged demanded more money and unless an additional $100 was paid, a spurious charge of a homosexual nature would be made against him. Later, defendant increased the amount to $300. At this point, the victim notified the police, who provided him with marked money. At a prearranged time, the police officers closed in and found the marked money in the possession of the defendant.

Defendant has no felony on his record but does have an extensive juvenile record replete with thefts, runaways and misconduct. He is described by the authorities as being rebellious, selfish and having poor judgment.

At the hearing, there was raised some question as to whether defendant understood the meaning of the plea of nolo contendere. A review of the proceedings on the plea before the late Judge Frank T. Healey disclosed that the court took considerable pains to make certain that defendant understood this plea. In fact, the court addressed the accused himself regarding the plea, notwithstanding that his counsel was at his side.

Despite the above question regarding the plea, defendant claimed he had some proposition with the victim whereby the victim owed him three sums of money. Some such vague claim was also made in

court. In answer to a question by the division as to what this proposition was, defendant's response was vague, incoherent and unintelligible.

The comment of the sentencing court is a most appropriate expression of the reason why the present sentence was imposed: "The extortion of money under or by threat of exposure of another to public accusation or disgrace . . . is a most heinous crime. It has been considered so through the ages. . . . The facts in this case leave no room . . . that you are rebellious to law and order. . . ."

Considering the nature of the offense and the prior extensive record of rebellion against society, the sentence is fair and just and must stand.

MacDonald, Loiselle and Bogdanski, Js., participated in this decision.